UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| SHIRLYNN NOBLE, as Attorney-In-Fact for BRADLEY NOBLE | ) | |
| Plaintiff, | ) | Civil No.: 11-345-GFVT |
| V. | ) | **MEMORANDUM OPINION & ORDER** |
| TIME INSURANCE COMPANY, d/b/a ASSURANT HEALTH, f/n/a FORTIS HEALTH, | ) | |
| Defendant. | ) | |

*** *** *** ***

Bradley Noble overdosed on various controlled substances, which he purchased illegally off the streets from a drug dealer and ingested voluntarily. [R. 19 at 6]. On March 15, 2010, Noble was admitted to the emergency room at Appalachian Regional Hospital in Hazard with a primary diagnosis of respiratory failure caused by a drug overdose. [R. 1 at 4]. He remained in the hospital until April 10, 2010, during which time he incurred medical bills totaling around $155,000.00. [R. 1 at 5]. Time Insurance Company[1] issued a letter to Noble informing him that it would not provide coverage for these expenses. Noble claims that Time Insurance justified the denial on the basis of a policy exclusion dealing with suicide and self-inflicted injury. [R. 1 at 5]. Shirlynn Noble, in her capacity as attorney-in-fact, instituted this action on behalf of Bradley Noble seeking declaratory judgment by the Court that "Mr. Noble's health insurance policy with

1 At the time of the issuance of the policy in question, Time Insurance Company was known as Fortas Health. [R. 18-4 at 20-21].

Defendants provides health coverage for Mr. Noble's March 15 to April 10 hospitalization and all attendant expenses, as well as medical expenses related to follow up care." [R. 1 at 5-6]. Noble also claims that Time Insurance Company's denial of coverage breached their insurance contract, violated the Kentucky Consumer Protection Act, and constituted the intentional tort of outrage. *Id*.

Following a period of discovery, Time Insurance has countered with the Motion for Summary Judgment that is currently pending before this Court. [R. 19]. Therein, Time Insurance identifies exclusions in Noble's insurance policy that prohibit coverage for sickness contributed to or caused by: (1) an illegal act; (2) an insured being under the influence of illegal narcotics or non-prescribed controlled substances; and (3) substance abuse. Time Insurance argues that because Noble himself has admitted that his medical expenses arose out his illegal use and abuse of a non-prescribed controlled substance, the Court should find that Noble's motion for declaratory judgment and breach of contract claim fail as a matter of law. Further, Time Insurance argues that there is no dispute of material fact that it did not deceive Noble or cause him severe emotional distress, thus allowing those claims to be appropriately distinguished through summary judgment. The time allocated for Noble to oppose this motion for summary judgment has long since passed, and neither Noble nor his attorney-in-fact have filed a response. After careful review of the Noble's claims and the facts of the record, for the reasons articulated herein, Time Insurance Company's Motion for Summary Judgment [R. 19] shall be GRANTED.

I

When sitting in diversity, a federal court applies the substantive law of the state in which it sits. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (citing *Klaxon*

*Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496 (1941)). However, when considering the issue of summary judgment, a federal court applies the standards of Fed.R.Civ.P. 56 rather than "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr. Inc*., 807 S.W.2d 476 (Ky. 1991)." *Gafford v. Gen. Elec. Co*. 997 F.2d 150, 165 (6th Cir. 1993). Under Rule 56, summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A fact's materiality is determined by the substantive law, and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

In deicing a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The burden is initially on the moving party to inform "the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of a material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may make this showing by demonstrating the absence of evidence to support one of the essential elements of the nonmoving party's claim. *Id*. at 322-25. Once this burden is met, the nonmoving party, "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Further, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co*., 886 F.2d 1472, 1479-80 (6th Cir. 1989).

Instead, "the non-moving party has an affirmative duty to direct the Court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

II

A

Noble seeks a declaration from the Court that he is entitled to his expenses incurred during his stay at Hazard ARH and damages for breach of contract resulting from Time Insurance Company's failure to pay those expenses in accordance with the insurance policy. Time Insurance counters that certain express policy exclusions excuse them for providing such coverage. In resolving this dispute, the Court first turns to the language of the insurance policy itself. In a section of the policy conspicuously delineated "Exclusions," Time Insurance states that, "[w]e will not pay benefits for…[i]llness or injury contributed to or caused by…commission of a felony, crime or illegal act…an insured over the age of 19 being under the influence of illegal narcotics or nonprescribed controlled substances, or attempted suicide or self-inflicted injury." [R. 18-2 at 20]. The policy also specifically states that Time Insurance would not pay for "[d]iagnosis or treatment of Mental Illness or Substance Abuse unless you have a Mental Illness or Substance Abuse Rider." [R. 18-2 at 20].

Under a similar action for declaration of rights, the Kentucky Supreme Court noted that, "[b]ecause exclusions are contrary to the fundamental protective purpose of insurance, they are strictly construed against the insurer and will not be extended beyond their clear and unequivocal meaning." *Kemper Nat. Ins. Companies v. Haven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002) (quoting *Diamaco Inc. v. Aetna Casualty & Surety Company*, 983 P.2d 707 (1999)).

However, the court continued "that strict construction should not overcome the plain clear language resulting in strained or forced construction." *Id*. Instead, "[w]here the terms of an insurance policy are clear and unambiguous, the policy will be enforced as written." *Id*. (citing *American National Bank and Trust Company v. Hartford Accident and Indemnity Company*, 442 F.2d 995, 999 (6th Cir. 1971)("…under Kentucky law unambiguous and clearly drafted exclusions 'not unreasonable' are enforceable.")). Thus, though Time Insurance Company's exclusions must be strictly construed against it, the Court must enforce any reasonable and unambiguously stated exclusion in the policy.

It would be difficult to conceive of a method by which Time Insurance could have more clearly articulated that it would not provide coverage for injuries contributed to or caused by illegal activity, illegal use of controlled substances, and substance abuse. The clear, unequivocal language forecloses payment by the insurance company in those situations. Further, the Kentucky Supreme Court has found reasonable a similar provision, which excluded from coverage activity that was criminal in nature. *See, Employers Ins. Of Wausau v. Martinez*, 54 S.W.32 142, 144 (Ky. 2001). In so doing, the court noted, "in cases such as this, when the insured's actions are exactly the type of actions envisioned by the insurer when it drafted the unambiguous exclusion, we see no reason to rewrite the parties' contract to provide coverage." *Id*.

Therefore, having established that Time Insurance Company's policy reasonably and unambiguously excluded coverage for injuries contributed to or caused by illegal activity, illegal use of controlled substance, and substance abuse, the final question remaining is whether there is any dispute that Noble incurred the injuries for which he seeks coverage as a result of these

behaviors. In short, there is not. The record contains deposition testimony from Noble and his attorney in fact, wherein they admit that the relevant hospitalization resulted from a drug overdose and substance abuse. [R. 18-1 at 32, R. 18-4 at 49]. Further, Noble admits that his drug screen was positive for benzodizaphines, opiates, methadone, and marijuana, some or all of which he readily admits were drugs for which he had no prescription and purchased off the street from a drug dealer, a practice he knew to be illegal. [R. 18-1 at 32-34, R. 18-1 at 24]. Finally, Noble acknowledges that he was not forced or tricked into taking the drugs, but ingested the controlled substances voluntarily. [R. 18-1 at 25]. In like manner, Noble's mother and power of attorney agreed that the injuries resulted from a substance abuse problem and an overdose of illegal drugs for which Noble had no prescription. [R. 18-4 at 48-49, R. 18-4 at 66].

By his own admission, Noble incurred the injuries for which he seeks insurance coverage as a result of illegal activity, illegal use of controlled substances, and substance abuse.[2] His insurance policy specifically excluded coverage for injuries contributed to or caused by these actions. Therefore, Time Insurance did not breach its contractual obligation by failing to pay for expenses arising from these injuries, and the Court is without authority to declare Noble entitled to recovery that is in contravention to the reasonable and unambiguous language of the insurance policy. This conclusion in unchanged by the fact that the claim was originally denied on the belief that suicide was involved, because the actual causes of the injuries are no less condemning under the policy that those originally perceived. Time Insurance has shown the absence of a genuine dispute of a material fact relative to the motion for declaratory judgment and the claim

2 The insurance policy defines substance abuse as "abuse of, addiction to or dependency on drugs, chemicals or alcohol." [R. 19at 8]. Noble did not have a Mental Illness and Substance Abuse rider in his insurance policy. [R. 19 at 8].

for breach of contract. Noble has attempted no response setting forth specific facts showing that there is a genuine issue for trial. Therefore, the Court shall grant Time Insurance Company's motion for summary judgment as to these claims.

B

Noble's claim under the Kentucky Consumer Protection Act fairs no better. The KCPA is codified in KRS 367.170, *et seq*., and has the express purposes of declaring unlawful, "unfair, false, misleading, or deceptive acts or practices in the course of any trade or commerce." KRS 367.170(1). The terms "'false, misleading, and deceptive' are given their ordinary meaning as understood by a reasonably prudent person of common intelligence." *Maynard v. American Medical and Life Ins. Co*., 4:10-cv-00157-JHM, 2012 WL 2571160, at *3 (W.D.Ky. July 2, 2012)(citing *Stevens v. Motorists Mut. Ins. Co*., 759 S.W.2d 819, 820 (Ky. 1988)).

One reasonably prudent person of common intelligence who did not believe Time Insurance Company's representations to Noble were false, misleading, or deceptive is Noble himself. During his deposition, the following exchange took place between Noble and counsel for Time Insurance:

> Q: Mr. Noble, nobody from Time Insurance Company ever said or wrote anything to you that was untrue as far as you know, correct?
>
> A: Correct.

[R. 18-1 at 42]. The Court's review of the record reveals nothing unfair, false, misleading, or deceptive about Time Insurance Company's dealings with Noble. Not only does Noble fail put forth any facts or evidence in contradiction to that conclusion, he expressly agrees that he was not

deceived by Time Insurance. Therefore, Noble's claim against Time Insurance under the Kentucky Consumer Protection Act fails as a matter of law.

C

Finally, Noble's claim against Time Insurance for outrage is likewise unavailing. In Kentucky, a prima facie case of outrage requires "1) the wrongdoer's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2010) (citing *Humana of Kentucky Inc. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990). It is for the court to determine whether the defendant's conduct can be regarded as outrageous. *Id*. (citing RESTATEMENT (SECOND) OF TORTS § 46(1) cmt.d (1965). Kentucky courts have, "set a high threshold for IIED/outrage claims" and the conduct at issue must be, "a deviation from all reasonable bounds of decency." *Id*. (citing *Whittington v. Whittington*, Ky.App., 766 S.W.2d 73, 74 (Ky. Ct. App. 1969)).

In fulfilling the substantial screening role given it under Kentucky law, this Court finds as an initial matter that Time Insurance Company's refusal to cover expenses that are reasonably and unambiguously excluded under their policy could not be said to constitute outrageous conduct. Moreover, from his deposition testimony, it would appear that Noble himself would concur with the Court's conclusion, as he admits that he has suffered no severe emotional distress, a required element of this intentional tort. [R. 18-1 at 37]. As the Court has found no

outrageous conduct in the record and Noble has not only failed to provide any evidence of such activity, but has expressly agreed that he has not suffered any severe emotional distress, summary judgment is appropriate for his outrage claim.

III

The Court is not unsympathetic to Noble's plight.[3] There can be no doubt that substance abuse haunts and harms many of the parties that appear before this Court. Perhaps the destructive nature of drugs prompted Time Insurance to include in its policies an exclusion from covering injuries arising from illegal abuse of non-prescribed controlled substances. Regardless of the reason, the exclusion did exist, and Noble does not contest that such actions caused the injuries for which he seeks to recover damages. Thus, under these undisputed facts, there was no breach of contract, and the Court is without power to undo the agreement entered into by the parties and require Time Insurance to provide coverage for injuries that were clearly and reasonably excluded by the insurance policy. Moreover, the facts of the record and admissions of Noble clearly show that Time Insurance neither violated the Kentucky Consumer Protection Action nor engaged in intentional infliction of emotional distress. Therefore, each of Noble's claims having failed, judgment as a matter of law shall now be granted in favor of Time Insurance Company.

Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

1. Time Insurance Company's Motion for Summary Judgment [R. 19] is **GRANTED**;

---

3The Court has been notified by a filing in the record and is aware of the tragic death of Bradley Noble during the course of this action. [R. 21].

2. Time Insurance Company's Motion to Dismiss [R. 22] is **DENIED**, as moot;

3. The Final Pre-Trial Conference and Jury Trial Scheduled for May 28, 2013, and June 3, 2013, respectively are cancelled;

5. A separate judgment shall be entered contemporaneously herewith; and

4. This matter is **STRICKEN** from the active docket.

This 10th Day of May, 2013.




**Signed By:**
***Gregory F. Van Tatenhove***
**United States District Judge**